UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. STREET,

    Plaintiff,

                             CASE NO. 2:12-CV-13995
v.                        JUDGE LAWRENCE P. ZATKOFF
                             MAGISTRATE JUDGE PAUL KOMIVES

ESTHER RODRIGUEZ,

    Defendant.
                          /

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket #12)

I.     RECOMMENDATION: The Court should conclude that plaintiff's claims are moot. Accordingly, the Court should grant defendant's motion for summary judgment and should dismiss the claims as moot.

II.    REPORT:

A.    *Procedural Background*

Plaintiff James H. Street is a state prisoner, currently confined at the Parnall Correctional Facility in Jackson, Michigan.[1]  At the times relevant to this action, plaintiff was incarcerated at the

---

[1] According to this Court's docket, petitioner is incarcerated at the Marquette Branch Prison in Marquette, Michigan.  In his response to defendant's motion, plaintiff notes that he is now incarcerated at the Parnall Correctional Facility.  The Michigan Department of Corrections's Offender Tracking Information System (OTIS) website confirms that plaintiff is incarcerated at the Parnall Correctional Facility.  Accordingly, I have entered an Order on this date instructing the Clerk to correct plaintiff's address on the docket.  Plaintiff is reminded that under the Local Rules of this Court it is his duty to inform the Court of any change of address during the pendency of this action.  *See* E.D. MICH. LR 11.2 ("Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.").

Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on September 11, 2012.  The sole defendant is Esther Rodriguez, a Corrections Officer at the Gus Harrison Correctional Facility.  In his statement of facts plaintiff alleges:

> Correction Officer Rodriquez [sic, throughout this paragraph] (hereinafter C.O. Rodriquez) has been acting in a retaliatory manner towards me, for my filing of grievances against her.  C.O. Rodriquez has made verbal threats against my safety.  C.O. Rodriquez has harassed me and made me an example to others.  C.O. Rodriquez has made sexual innuendo and inappropriate sexual remarks to me.  C.O. Rodriquez has touched me inappropriately.  C.O. Rodriquez has made derogatory reference to the nature of the offense that I am in prison for in front of other inmates, creating an unsafe atmosphere due to other inmates attitudes toward the nature of my offense.  C.O. Rodriquez on other occasions has called me a 'dumb-ass' in reference to my learning disabilities.  C.O. Rodriquez has attempted to cause friction between myself and my cube-mates.  C.O. Rodriquez has caused me to fear leaving the cube to take showers, go to the rest-room, or to even pass by her, for fear of more intimidation and danger.

Compl., at 5, Statement of Facts.  In an attached affidavit, plaintiff details the specific incidents of harassment and retaliation he claims to have suffered at the hands of defendant Rodriguez.  These include verbal harassment, sexual harassment, searches of his cell, and false misconduct tickets.  In his complaint, plaintiff does not seek monetary damages.  Rather, he seeks various forms of injunctive relief.  Specifically, the entirety of the "Relief" portion of his form complaint states:

> I want the harassment to stop.  I want Officer Rodriquez [sic, throughout this paragraph] to cease and desist the continual harassment and emotional torture.  I want to be treated humanely and with dignity in matters of health care, personal safety and general living conditions.  I also do not want to be discriminated against based on race, religion, ethnic background, sex, sexual orientation, gender identity, national origin, or disability.  I simply want humane treatment and living conditions.  I am also requesting appropriate administrative sanctions to be implemented requiring C.O. Rodriquez to attend, seminars or classes on appropriate responses to

> stressful situations and how to go about treating prisoners with dignity as well as any punitive measures that this court deems appropriate and necessary in order to change her negative attitudes and behaviors.

Compl., at 6, Relief. On October 31, 2012, plaintiff filed an amended complaint. The Statement of Facts and Relief sections of the amended complaint are identical to plaintiff's initial complaint. The only change from the original complaint is the addition of a second affidavit detailing other incidents of harassment.

The matter is currently before the Court on defendant's motion for summary judgment, filed on December 11, 2012. Defendant argues that she is entitled to summary judgment because plaintiff has now been transferred from the Gus Harrison Correctional Facility, and thus his claims for injunctive relief, which is the only type of relief he seeks, are moot. In the alternative, defendant contends that she is entitled to summary judgment on the merits of plaintiff's claims because plaintiff cannot present a genuine issue of material fact that she violated his constitutional rights. Plaintiff filed a response to the motion on March 19, 2013. In addition, plaintiff has filed separate affidavits in support of his response. For the reasons that follow, the Court should conclude that plaintiff's claims are moot. Accordingly, the Court should grant defendant's motion for summary judgment.

B.   *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact

is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.    *Analysis*

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.' Accordingly, '[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The "'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. [I]t is not enough that a dispute was very much alive when suit was filed'; the parties must 'continue to have a "personal stake"' in the ultimate disposition of the lawsuit." *Id*. (quoting *Lewis*, 494 U.S. at 477-78 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)) (citation omitted). Thus, there is "no case or controversy, and a suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam))).

Here, plaintiff seeks only injunctive relief; he does not seek monetary damages. And it is undisputed that petitioner has been transferred from Gus Harrison, and that defendant Rodriguez no longer has any role in his incarceration. It is well established that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of

the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (citing cases from Second, Third, and Eighth Circuits); *Sutton v. Rasheed*, 323 F.3d 263, 248 (3d Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because plaintiff is no longer subject to the care of the official he claims was denying him his constitutional rights, his request for injunctive relief is moot. *See Candelaria v. Coughlin*, 787 F. Supp. 368, 378 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992). And because plaintiff has sought only injunctive relief, the entire case is moot. *See American Civil Liberties Union of Mass. v. United States Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) (circumstances in which "a court cannot provide meaningful relief to the allegedly aggrieved party" is "clearest in cases where the only relief requested is an injunction."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *Towle v. New Hampshire Dep't of Corrections*, No. 06-cv-464, 2008 WL 2080782, at *5 (D.N.H. May 14, 2008) ("If Towle's complaint contained a colorable, well-pleaded claim for damages under Section 1983, it is possible that that portion of his case may have survived a mootness challenge. His original complaint did in fact assert a claim for damages, but his amended complaint contains no such request, and is limited to injunctive and declaratory relief. As those claims are now moot, his entire action is subject to dismissal."). Because the only relief requested by plaintiff has been rendered moot by his transfer, the entire case must be dismissed as moot. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Towle*, 2008 WL 2080782, at *5.

Plaintiff argues that his claims are not moot because he has continued to suffer harassment

and retaliation since his transfer from the Gus Harrison Correctional Facility. This argument is without merit. Although plaintiff claims to have suffered continued harassment, he does not allege that this harassment has come at the hands of defendant Rodriguez. Rather, he contends that other MDOC officials have continued to retaliate against him. None of these other officials, however, are named as defendants in plaintiff's suit. The Court lacks jurisdiction to enter an injunction against officials who are not parties to this suit. "It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) (citation omitted). A court is powerless to adjudicate a personal claim against a party unless it has jurisdiction over the party, and even a party who is alleged to be in concert or participation is to be accorded a hearing for a determination of his role in the matter before a determination is made that the party is subject to the injunction. *See id.* at 112; *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1554 (11th Cir.1989). Thus, the Court cannot subject officials other than defendant Rodriguez to an injunction, as they have not been named as defendants and served in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Guillen v. Thompson,* No. 08-1279, 2009 WL 2513501, at *7 (D.Ariz. Aug.14, 2009); FED. R. CIV. P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties).

Plaintiff also argues that his claims are not moot because he does not seek only injunctive relief, but also what he characterizes as punitive relief and "administrative sanctions," including an order requiring defendant Rodriguez to attend seminars and disciplinary sanctions against her. This argument is without merit for two reasons. First, any such administrative sanctions would

presumably have to be carried out by supervisory officials of the MDOC and it is therefore they who would be bound by the relief requested by plaintiff. And, as just noted, no such other officials have been made subject to the jurisdiction of the Court by being named in plaintiff's complaint and served with process. Second, the Court lacks the power to grant the relief requested by plaintiff. An order that the MDOC or MDOC officials impose sanctions on an employee or specify the conditions under which the employee should be employed "unnecessarily intrudes on [the prison's] operations" and is "an inappropriate use of the court's equity powers." *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (citing *Rhodes v. Chapman*, 452 U.S. 337, 351 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1974)). Thus, this Court has no authority to order the MDOC or any MDOC official to terminate the employment of, or otherwise discipline, defendant Rodriguez. *See Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (Mar. 5, 2013), *magistrate judge's report adopted*, 2013 WL 1314735 (S.D. Ohio Mar. 28, 2013); *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010); *Leek v. Thomas*, No. 09-3036, 2009 WL 1298499, at *3 (D. Kan. May 8, 2009); *Davis v. Samuels*, No. 3:07-3463, 2007 WL 4376074, at *3 (D.S.C. Dec. 13, 2007); *Meadows v. Miller*, 855 F. Supp. 219, 220 (W.D. Tenn. 1994).

D.      *Conclusion*

In short, the only relief requested by plaintiff that the Court has the power to award has been rendered moot by plaintiff's transfer to a prison at which he is not subject to the care and treatment of defendant Rodriguez. Because the Court could not grant meaningful relief to plaintiff, the case is now moot. Accordingly, the Court should grant defendant's motion for summary judgment, and should dismiss plaintiff's claims as moot.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: February 7, 2014                           s/Paul J. Komives
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 7, 2014.

                                                 s/ Kay Doaks
                                                 Case Manager